# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

GABRIEL GRIFFIN,

        Petitioner,

v.

MAGISTRATE JUDGE DAVID E. JONES and MARIO GONZALES,

        Respondents.

Case No. 18-CV-1241-JPS

**ORDER**

On April 17, 2018, Petitioner was indicted for drug distribution and firearms offenses. *United States v. Gabriel Griffin*, Case No. 18-CR-73-JPS-DEJ (E.D. Wis.), (Docket #6). He has been ordered detained pending trial. *Id.*, (Docket #4 and #7). Despite being represented by counsel in the criminal case, Petitioner has filed numerous motions *pro se*. *See id.*, (Docket #24). Magistrate Judge David E. Jones, who is presiding over the pretrial proceedings in that case, has denied each of the motions, informing Petitioner that pretrial motions must be presented through his attorney. *Id.* The undersigned is assigned to Petitioner's criminal case for trial proceedings.

Petitioner filed this action on August 10, 2018. (Docket #1). It is presented as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *Id.* at 1. Petitioner's long-winded pleading alleges that Respondents, Judge Jones and the Assistant U.S. Attorney prosecuting him, are detaining him unlawfully on three grounds. *Id.* at 2–8. First, Petitioner claims that this Court lacks jurisdiction over him due to violations of his Constitutional rights during his arrest and interrogation, and due to infirmities in grand

jury proceedings. *Id.* at 11. Second, Petitioner says he is innocent of the crimes charged. *Id.* at 11–12. Third, Petitioner again asserts that the Court lacks jurisdiction, this time for various alleged defects in the indictment. *Id.* at 12–13. Petitioner also believes that because he was arrested on Wisconsin soil, as opposed to a federal property, the Court cannot hear this case. *Id.* at 13. He asks that the Court end the prosecutions against him and release him immediately. *Id.*

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to Section 2241 petitions through Rule 1(b), the Court is required to preliminarily review the petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Pursuant to the rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

In this instance, Petitioner is plainly not entitled to the relief he seeks. "To be eligible for habeas corpus relief under § 2241, a federal pretrial detainee must first exhaust other available remedies." *Alden v. Kellerman*, 224 F. App'x 545, 547 (7th Cir. 2007). This means that Section 2241 cannot be employed to raise arguments about whether a detainee is innocent, why an indictment is flawed, or why a prosecution should otherwise cease. These are matters to be raised in pretrial motions filed within the criminal case itself. *See Williams v. Hackman*, 364 F. App'x 268, 268 (7th Cir. 2010) ("[A] federal pretrial detainee cannot use § 2241 to preempt the judge presiding over the criminal case."); *see also Thompson v. Robinson*, 565 F. App'x 738, 739 (10th Cir. 2014); *Whitmer v. Levi*, 276 F. App'x 217, 218–19 (3d Cir. 2008) ("Where a defendant is awaiting trial, the appropriate vehicle for violations of his constitutional rights are pretrial motions or the

expedited appeal procedure provided by the Bail Reform Act, 18 U.S.C. § 3145(b), (c), and not a [Section 2241] habeas corpus petition."). Though Petitioner seems to dislike the fact that his motions must be presented through counsel in the criminal case, that is the law of this Circuit. *United States v. Rollins*, 309 F. App'x 37, 38 (7th Cir. 2009) (a criminal defendant "has no right to file a pro se brief *or* motion in any court while counsel represents him").

In light of the foregoing, the Court is compelled to deny the petition and dismiss this action with prejudice. Under Rule 11(a) of the Rules Governing Section 2255 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), Petitioner must make a "substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted). No reasonable jurists could debate whether Petitioner's pleading presented a viable ground for relief. The Seventh Circuit holds that he may not bring claims and arguments in a Section 2241 action which may be pursued in his ongoing criminal proceedings. As a consequence, the Court is compelled to deny a certificate of appealability as to Petitioner's petition.

Accordingly,

**IT IS ORDERED** that Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Docket #1) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice**; and

**IT IS FURTHER ORDERED** that a certificate of appealability be and the same is hereby **DENIED**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 17th day of August, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge